UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

**SHAPIRO, CROLAND, REISER,
APFEL & DI IORIO, LLP**
John P. Di Iorio
Continental Plaza II
411 Hackensack Avenue
Hackensack, NJ 07601
Tele: (201) 488-3900
Fax: (201) 488-9481
*Attorneys for Concord Associates Inc. Profit Sharing Plan*

In Re:

DEBORAH LYNN SERETIS,

        Debtor.

Case No.: 20-18281

Adv. No.: 20-

Chapter: 13

Hearing Date: September 2, 2020

## OBJECTION OF CONCORD ASSOCIATES INC. PROFIT SHARING PLAN
## TO CONFIRMATION OF DEBTOR'S PLAN

Concord Associates Inc. Profit Sharing Plan ("Concord"), objects to confirmation of Debtor's Plan and, in support thereof, says:

1. Concord filed a proof of claim in the amount of $309,478.80 (Claim #1) relating to a judgment obtained by Concord against Debtor in the Superior Court of New Jersey, Bergen County, Law Division, Docket No. L-267-19 (the "State Court Action").

2. Attached hereto as Exhibit A is a copy of the Complaint filed by Concord in the State Court Action.

3. As set forth in the Third Count of the Complaint, on or about June July 19, 2017, Concord made a loan to Debtor and others secured by, among other things, a mortgage on

850362

property Debtor owned located at 19 Hillard Road, Mount Arlington, New Jersey (the "Property").

4. Approximately three months later, on or about October 31, 2017, Debtor sold the Property for $450,000, failed to disclose Concord's mortgage lien in an Affidavit of Title she executed and received the net proceeds of sale.

5. Debtor was questioned about this matter at the meeting of creditors conducted on August 4, 2020.

6. Debtor claimed to know little about this matter and asserted that her non debtor husband handled the sale of the Property in accordance with a Power of Attorney.

7. Concord intends to conduct 2004 discovery and file a complaint objecting to the dischargeability of Concord's debt.

8. Debtor has not denied receiving the net proceeds of sale from the Property, but has not accounted for the use thereof.

9. Until Debtor can account for the use of the proceeds of sale from the Property Debtor cannot establish that she is dedicating all of her assets to the payment of creditors under the Plan and that no claims exist to avoid fraudulent transfers of the proceeds of sale.

WHEREFORE, Concord respectfully requests that the Court deny confirmation of the Plan.

                          SHAPIRO, CROLAND, REISER,
                          APFEL & DI IORIO, LLP
                          *Attorneys for Concord Associates Inc. Profit Sharing Plan*

Dated: August 19, 2020    By: /s/ John P. Di Iorio
                                     John P. Di Iorio

# EXHIBIT A

Attorney ID# 028261980
Harold P. Cook, III, Esq. & Associates
886 Belmont Avenue, Suite B
North Haledon, New Jersey 07508
(973) 427-5549
Attorney for Plaintiff

| | |
|---|---|
| Concord Associates Inc., Profit Sharing Plan,<br><br>Plaintiff,<br><br>v.<br><br>4 Circle Rox LLC, A New Jersey Limited Liability Company, 1200 Rt. 46, LLC, A New Jersey Limited Liability Company, Tom Seretis, individually, Deborah Lynn Seretis, individually and Allen Emmons, individually,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY: LAW DIVISION<br><br>DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Concord Associates Inc., Profit Sharing Plan with its principal place of business located at 70 Edgewood Avenue, Township of Wyckoff, County of Bergen and State of New Jersey, by way of Complaint against the Defendants, 4 Circle Rox LLC, A New Jersey Limited Liability Company, 1200 Rt. 46 LLC, A New Jersey Limited Liability Company, Tom Seretis, individually, Deborah Lynn Seretis, individually and Allen Emmons, individually, says:

### FIRST COUNT
(Breach of Contract)

1. On or about July 19, 2017, Defendants, 4 Circle Rox LLC, A New Jersey Limited Liability Company, 1200 Rt. 46 LLC, A New Jersey Limited Liability Company, Tom Seretis, individually, Deborah Lynn Seretis, individually

-1-

and Allen Emmons, individually executed and delivered to Plaintiff, a Mortgage Note, a true copy of which is annexed hereto as "**Exhibit A**" where by the Defendants promised to pay the Plaintiff the sum of $190,000.00 plus interest at a yearly rate of 12% per annum on the part of the principal which has not been paid from the date of the Note until all principal has been paid.

2. The Mortgage Note provides that upon default, the interest rate shall be increased to eighteen (18%) percent per annum.

3. The Mortgage Note matured on April 19, 2018 leaving a principal balance due and owing of $190,000.00 as of that date.

4. The Mortgage Note provides that the "failure to pay any obligation when due" constitutes an event of default.

5. On August 21, 2018 the Lender declared a default of the Mortgage Note.

6. The Defendants failed and refused to repay the principal balance together with accrued interest at the Note rate and interest at the default rate set forth in the said Mortgage Note.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severely for the principal balance due and owing together with interest, default interest, costs and reasonable attorney's fees.

## SECOND COUNT
(Attorney's Fees)

1. The Plaintiff repeats the allegation contained in the First Count of its Complaint and incorporates the same as if set forth at length herein.

-2-

2. The Note provides in part that in the event the Lender sues to enforce the Mortgage Note or the Mortgage, the Borrower will pay the Lender's costs of collection including but not limited to an attorney's fee equal to 20% of the outstanding principal, plus all court costs.

3. The Plaintiff Lender was required to retain an attorney for the collection of the unpaid principal, interest and cost.

4. The Defendants, failed to repay the outstanding principal balance, Note Interest and Default Interest, costs and reasonable attorney's fees.

WHEREFORE Plaintiff demands judgment against the Defendants jointly and severely together with interest, Default Interest, costs and reasonable attorney's fees.

### THIRD COUNT
(Fraud as to Defendant Deborah Lynn Seretis)

1. Plaintiff repeats the allegations contained in the First Count and Second Count of its Complaint and incorporates the same as if set forth at length herein.

2. On or about July 19, 2017, at the time she executed the Mortgage Note referenced in "Exhibit A", the Defendant, Deborah Lynn Seretis gave Plaintiff a mortgage on the property she owns located at 19 Hillard Road, Lot 48.01, Block 39, Borough of Mount Arlington, County of Morris and State of New Jersey as additional collateral for the said Mortgage Note.

3. On or about October 31, 2017 the Defendant Deborah Lynn Seretis sold the property commonly known as 19 Hillard Road, Lot 48.01, Block 39, Borough of Mount Arlington, County of Morris and State of New Jersey for the

-3-

consideration of Four Hundred Fifty Thousand Dollars and 00/100 ($450,000.00) and knowingly failed and refused to pay the proceeds of the sale of the property to the Plaintiff notwithstanding the fact that the Defendant, Deborah Lynn Seretis was aware that the premises was encumbered by the said mortgage.

4. Plaintiff relied upon the representations of the Defendant, Deborah Lynn Seretis that the mortgage she gave would serve as additional collateral for Plaintiff's Mortgage Note and that when the premises was sold, the Plaintiff would receive the proceeds of sale to pay off his Note.

5. The Defendant Deborah Lynn Seretis intended that the Plaintiff rely upon the collateral and protections of the Mortgage together with her representations.

6. It was reasonable for the Plaintiff to rely upon the representations of the Defendant, Deborah Lynn Seretis as well as the protections of the Mortgage she gave to the Plaintiff.

7. The acts and conduct of the Defendant, Deborah Lynn Seretis constituted common law fraud.

8. The Plaintiff was damaged as a result of the fraudulent acts of the Defendant, Deborah Lynn Seretis.

WHEREFORE, Plaintiff demands judgment against the Defendant, Deborah Lynn Seretis for Punitive Damages, Compensatory Damages, reasonable attorney's fees and cost of suit.

-4-

## FOURTH COUNT
(Unjust enrichment as to the Defendant Deborah Lynn Seretis)

1. Plaintiff repeats the allegations contained in the First Count, Second Count and Third Count of its Complaint and incorporates the same as if set forth at length herein.

2. Defendant, Deborah Lynn Seretis' actions and conduct in giving the Plaintiff a Mortgage on her property as additional collateral for Plaintiff's Mortgage Note and her actions and conduct in keeping the proceeds of the sale of her property notwithstanding the Mortgage is unjust.

3. Accordingly, the Defendant, Deborah Lynn Seretis's receipt and retention of the proceeds of the sale of her property together with her failure to turn over the proceeds to the Plaintiff amounts and constitutes unjust enrichment.

WHEREFORE, Plaintiff demands judgement against the Defendant, Deborah Lynn Seretis for Punitive Damages, Compensatory Damages, reasonable attorney's fees and cost of sale.

## FIFTH COUNT
(Breach of implied Covenant of Good Faith and
Fair Dealing as to the Defendant, Deborah Lynn Seretis)

1. Plaintiff repeats the allegations contained in the First Count, Second Count, Third Count and Fourth Count of its Complaint and incorporates the same as if set forth at length herein.

2. Defendant, Deborah Lynn Seretis had a duty of good faith and fair dealing when giving Plaintiff a mortgage on her property as additional collateral for Plaintiff's Mortgage Note and to act in a commercially reasonable manner.

-5-

3. Defendant, Deborah Lynn Seretis' actions and conduct in intentionally refusing to pay over to Plaintiff the proceeds of the sale of her property despite the mortgage she gave Plaintiff indicated otherwise.

4. Plaintiff was damaged by the acts of the Defendant, Deborah Lynn Seretis.

WHEREFORE, Plaintiff demands judgment against the Defendant, Deborah Lynn Seretis for punitive damages, compensatory damages, reasonable attorney's fees and cost of suit.

Dated: November 19, 2018

_____
HAROLD P. COOK III, ESQ.
Attorney for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

In accordance with R.4:25-4, HAROLD P. COOK, ESQ. is hereby designated as trial counsel for the plaintiff in the above matter.

### CERTIFICATION PURSUANT TO R.4:5-1

I hereby certify that the matter in controversy is not subject of any other action pending in any court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated. I know of no other parties who should be joined in the action.

Dated: November 19, 2018

_____
HAROLD P. COOK III, ESQ.
Attorney for Plaintiff

-6-

# Exhibit "A"

# MORTGAGE NOTE

$190,000.00

July 19, 2017
North Haledon, New Jersey

As used in this Note, the terms "I", "me" and "my" refer to each and all of the persons signing below as Borrower. The terms "you" and "your" refer to:

*CONCORD ASSOCIATES, INC.*
*Profit Sharing Plan*
*P.O. Box 39*
*Waldwick, New Jersey 07463*

**PROMISE TO PAY:** In return for my loan, I will pay you, or anyone to whom you assign this Note, the principal sum of One Hundred Ninety Thousand Dollars no/100 Dollars ($190,000.00). I will pay the Principal to you no later than April 19, 2018 (the "stated maturity date").

**INTEREST:** I will also pay interest at the rate of 12.00% per annum until the Principal is paid in full. Interest for the term in the amount of $17,100.00 shall be paid in advance and deducted from the initial advance in accordance with the terms of the loan commitment dated June 30, 2017. Notwithstanding anything to the contrary, upon any default as described below in this Note, all sums due under this Construction Mortgage Note shall be due and payable in full on April 19, 2018, I will pay interest at the "Default Rate" as that term is defined below in this paragraph. Interest will be calculated on the basis on a three hundred and sixty (360) days for the actual number of days elapsed. As used in this Note the term "Default Rate" means 18% per annum.

**PAYMENTS:** I will pay all amounts due under this Note in money of the United States at your office at P.O. Box 39, Waldwick, New Jersey 07463, or at any other place that you designate to me in writing.

**LATE CHARGE:** The Note evidencing the Loan will provide for a late charge of five percent (5%) of the amount of any payment not received within ten days of its due date.

**PREPAYMENT:** This note may be prepaid in part or in full at any time without penalty however, there shall be no refund of prepaid interest.

**MORTGAGE:** This Note and my obligations under the Loan Documents are secured by, among other things, a First Mortgage of my property located at 4 Circle Drive, Ledgewood, New Jersey, Lot 4, Block 6407 and a First Mortgage on my property located at 1200 Route 46, Ledgewood, New Jersey, Lot 2, Block 6407. (the "Mortgage"). An Assignment of Limited Liability Company Interest of 4 CIRCLE ROX LLC, A New Jersey Limited Liability Company, and An Assignment of Limited Liability Company Interest of 1200 RT46 LLC, A New Jersey Limited

- 1 -

Liability Company, An Assignment of Rentals, Profits and Leases.

**ADDITIONAL COLLATERAL:** This Note and the obligations under the Loan Documents are further secured by the additional collateral of a Second Mortgage subject only to a First Mortgage held Tom Vazquez and Mary Ann Vazquez dated May 20, 2010 in the original amount of $250,000.00 on the property owned by Deborah Lynn Seretis located at 19 Hillard Road, Mount Arlington, New Jersey, Lot 48.01, Block 39.

**DEFAULT:** I understand that (i) if I fail to perform any promise or agreement that I have made in this Note, in the Mortgage, or in the Loan Documents (called a "default"). Events of default shall include, but not be limited to: (a) failure to pay any obligation when due; (b) breach of any loan document provision; (c) breach of any covenant, representation or warranty; (d) bankruptcy or insolvency or death of the Borrower and/or Guarantors.

**COLLECTION COSTS:** If you sue me to enforce this Note or the Mortgage, I will pay you all of your costs of collection including, but not limited to, an attorney's fee equal to 20% of the outstanding Principal, which I agree is reasonable, plus all court costs.

**SET OFF:** You can, without notice to me, withdraw money from any account I have with you in order to pay this Note.

**MORE THAN ONE**
**BORROWER:** I understand that I am fully responsible for payment of this Note, even if another person signs this Note as Borrower. You do not have to notify me that payment has not been made. You can waive any of the terms of payment and release any collateral without notifying me or releasing me from responsibility for this Note.

**WAIVER:** I waive my right to presentation for payment, notice and protest in the event that this Note becomes due and payable in full. This means that you do not have to (a) demand payment of amounts due (also known as "presentment"); (b) give notice that amounts due have not been paid (known as "notice of dishonor"); or (c) obtain an official certification of nonpayment (also known as "protest").

**CHANGE OF ADDRESS:** If my address changes before this Note is paid in full, I will promptly tell you in writing of the new address.

**NO NOTICE OR LOSS**
**OF RIGHTS:** You do not have to tell me if any amount owing under this Note is not paid by the day it becomes due. Even if you use your rights against any other person or any item of collateral, you can still use your rights against me and any other item of collateral. You can do any of the following without telling me or losing any right against me or the collateral: (1) you can accept a check or other order marked "paid in full" or with similar language as a payment under this

- 2 -

Note; (2) you can give additional time for payment of any amount owing under this Note; (3) you can give up or delay using any right against any person or collateral; and (4) you can fail to protect or enforce your interest in any collateral.

**LOAN COMMITMENT:** The terms and conditions of the mortgage commitment dated June 30, 2017, are incorporated by reference herein, made a part hereof, shall survive closing and borrowers agree to comply with the same.

WITNESS:

_____
Harold P. Cook, III, Esq.
Attorney at Law of New Jersey

4 ROX CIRCLE LLC, A New Jersey
Limited Liability Company
By: _____
ALLEN EMMONS, Sole Member

1200 RT46 LLC, A New Jersey
Limited Liability Company

By: _____
TOM SERETIS, Sole Member

_____
ALLEN EMMONS, Individually

_____
TOM SERETIS, Individually

_____
Deborah Lynn Seretis AKA Deborah
Seretis, Individually

- 3 -

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-000267-19**

**Case Caption:** CONCORD ASSOCIATES I NC PROFIT VS 4 CIRCLE ROX L
**Case Initiation Date:** 01/11/2019
**Attorney Name:** HAROLD P COOK III
**Firm Name:** HAROLD P COOK III ESQ & ASSOCIATES
**Address:** 886 BELMONT AVE STE B
NORTH HALEDON NJ 07508
**Phone:**
**Name of Party:** PLAINTIFF : Concord Associates Inc Profit
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint
**Jury Demand:** NONE
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:



I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/11/2019
Dated

/s/ HAROLD P COOK III
Signed