| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**SHAPIRO, CROLAND, REISER,**<br>**APFEL & DI IORIO, LLP**<br>John P. Di Iorio<br>Continental Plaza II<br>411 Hackensack Avenue<br>Hackensack, NJ 07601<br>Tele: (201) 488-3900<br>Fax: (201) 488-9481<br>*Attorneys for Concord Associates Inc. Profit Sharing Plan*<br>In Re:<br><br>DEBORAH LYNN SERETIS,<br><br>Debtor. |

Case No.: 20-18281

Adv. No.: 20-

Chapter: 13

Hearing Date: September 2, 2020

## SUPPLEMENTAL OBJECTION OF CONCORD ASSOCIATES INC. PROFIT SHARING PLAN TO CONFIRMATION OF DEBTOR'S PLAN

Concord Associates Inc. Profit Sharing Plan ("Concord") files this Supplemental Objection to confirmation of Debtor's Plan and, in support thereof, says:

1.    The Plan seeks to avoid Concord's judgment lien against Debtor's residence in its entirety. As discussed more fully below, the judgment lien should not be avoided in its entirety.

2.    Concord's judgment lien is in the amount of $309,478.80, including interest on the judgment up to the date of Debtor's bankruptcy filing.

3.    Section 522(f)(1)(A) of the Bankruptcy Code generally allows a debtor to avoid a judgment lien on an interest of a debtor in property to the extent that such lien impairs an exemption to which a debtor would have been entitled.

850520

4. Section 522(f)(2)(A) of the Bankruptcy Code provides that a lien shall be considered to impair an exemption to the extent that the sum of –

    (i)    the lien;

    (ii)    all other liens on the property; and

    (iii)    the amount of the exemption that debtor could claim if there were no liens on the property

exceeds the value that the debtor's interest in the property would have in absence of any liens.

5. In In Re Miller, 299 F. 3d 183 (3d Cir. 2002) the court held that only one-half of the total mortgage debt and one-half of the value of the property is applied in calculating the total liens on the property and the value when a debtor has a one-half interest in property owned with a non debtor spouse.

6. Here, Debtor's residence is owned with her non debtor spouse.

7. The following calculation, in accordance with Section 522(f)(2)(A), shows that $18,151 of the Concord Judgment Lien should not be avoided:

| | |
|---|---|
| Concord Lien | $309,478.80 |
| Other Liens | $ 96,699.00[1] |
| Debtor's Exemption | $ 25,150.00 |
| Total Liens & Exemptions | $431,327.80 |
| Value | $140,000.00[2] |
| Total Liens less value | $291,327.80 |
| Concord Judgment Lien | $309,478.80 |
| Amount by which Concord Judgment Lien exceeds Liens and Exemptions less Value | $ 18,151.00 |

---

[1] Represents one-half of mortgage debt
[2] One-half of Value

2

WHEREFORE, Concord respectfully requests that the plan not be confirmed and, to the extent it is, Concord's Judgment Lien not be avoided to the extent of $18,151.

                            SHAPIRO, CROLAND, REISER,
                              APFEL & DI IORIO, LLP
                              *Attorneys for Concord Associates Inc. Profit Sharing Plan*

Dated: August 20, 2020      By: _/s/ John P. Di Iorio_
                                        John P. Di Iorio